# EXHIBIT H

# THE
# SUPREME COURT
# PRACTICE

## 1999

Volume 1

LONDON
SWEET & MAXWELL
1998

statement of that person's full name, of his address and of his qualifications for making the translation.

(6) The party obtaining the order must, when he lodges in the Central Office the documents mentioned in paragraphs (2) to (5) also file in that office an undertaking signed by him or his solicitor to be responsible personally for all expenses incurred by the Secretary of State in respect of the letter of request and, on receiving due notification of the amount of those expenses, to pay that amount to the Finance Officer of the office of the Secretary of State and to produce a receipt for the payment to the proper officer of the High Court.

**39/3/1** HISTORY OF RULE—Amended by S.I. 1976 No. 337.

**39/3/2** **Effect of rule** (rr.2 & 3)—These rules provide the machinery for the examination of a person out of the jurisdiction. The exercise of the power under these rules is a matter of discretion, especially as the cost of taking evidence abroad is high and sometimes prohibitive. The Court is apt to look most favourably upon the application of a defendant resident abroad—who has not chosen an English forum (see, per Chitty J. in *Ross v. Woodford* [1894] 1 Ch. 42; *New v. Burns* (1894) 64 L.J. Q.B. 104, CA)—and least favourably upon the application of a plaintiff for his evidence to be taken abroad, for he has usually chosen his tribunal (*Ross v. Woodford; Coch v. Allcock* (1888) 21 Q.B.D. 178, CA; *Emanuel v. Soltykoff* (1892) 8 T.L.R. 331). As regards other witnesses, a party cannot compel a witness in a foreign country to attend the trial, and therefore if the Court is satisfied that (1) he is unwilling or unable to be present (2) the application is made bona fide (*Re Boyse* (1882) 20 Ch.D. 760) and with such promptness as not to cause unreasonable delay (see *Langen v. Tate* (1883) 24 Ch.D. 522, CA) and (3) the witness can give substantial evidence material to the issue (*Ehrmann v. Ehrmann* [1896] 2 Ch. 611) an order is often made. But many other considerations may be relevant in all these cases. Reasonable attempts should first be made, in a proper case, to obtain the evidence in other ways—through a witness here (*Armour v. Walker* (1883) 25 Ch.D. 673, CA; *Lawson v. Vacuum Brake Co.* (1884) 27 Ch.D. 137, CA; *Lewis v. Kingsbury* (1888) 4 T.L.R. 629 at 639) by documents, by admissions or an order that the evidence may be given on affidavit; and in these days the cost of a journey by air is commonly less than that of an examination abroad.

In the exercise of its discretion to secure "the ends of justice," the Court will not restrain a litigant from continuing proceedings commenced in a foreign country for the purpose of obtaining pre-trial discovery of documents against a non-party in the country where such discovery is sought for the purposes of English proceedings (*South Carolina Insurance Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.* [1987] A.C. 24).

**Methods of obtaining evidence abroad** (rr.2 & 3)

**39/3/3** *Non-Convention countries*—If it is desired to obtain the taking of evidence under r.2 (*i.e.* before a special examiner) in a country with which no convention has been made, enquiry should be made of the Masters' Secretary's Department (Room E.218, R.C.J.) as to whether the local law permits it. It is an available method in the case of Egypt, Japan, Luxemburg, Roumania, Sudan, Switzerland and (probably) the Russian Federation and (possibly) other countries. It is available in respect of willing witnesses before a special examiner in the following non-convention countries: Argentine, Bolivia, Brazil, Bulgaria, Chile, Cuba, Ecuador, Guatemala, Honduras, Mexico, Nicaragua, Panama and Costa Rica, Persia, USA, Uruguay and Venezuela; and only before the British Consular Authority in Colombia and Salvador. All states of the USA enforce the attendance of witnesses under this rule. Examination by a consular officer is permitted in Costa Rica, Peru, South Africa and (except of witnesses who are local nationals) in Vietnam. These lists are subject to alteration.

**39/3/4** *Scotland and Northern Ireland*—As to compelling attendance of witnesses in such cases, see *Campbell v. Att.-Gen.* (1867) L.R. 2 Ch. App.571. A special examiner is appointed.

**39/3/5** *Bilateral Convention countries*—In convention countries the taking of evidence under r.2 before the British Consular Authority is permitted, but in most of these countries it is only permitted in respect of willing witnesses, and in Hungary and Turkey only willing witnesses of British nationality.

If it is desired to designate as examiner a British consular officer in a foreign state the consent of H.M. Secretary of State for Foreign and Commonwealth Affairs must first be obtained, unless a convention has been entered into with the country in question, in which case no such consent is required. The applicant should apply to the Foreign Office. The answer will depend on whether the laws of the foreign State admit of such procedure and whether the consul proposed is willing to undertake the commission.

It is common practice for the order to designate "H.M. Consul (*or* Consul General) or his deputy."

Conventions have been made with the following countries: