# EXHIBIT 12

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**CAUSE NO. FSD 155 OF 2022 (DDJ)**

**IN THE MATTER OF THE COMPANIES LAW (2022 REVISION)**

**AND IN THE MATTER OF 51JOB INC.**

---

**AFFIDAVIT OF MALACHI KEVIN SWEETMAN**

---

I, **MALACHI KEVIN SWEETMAN**, an attorney-at-law of Maples and Calder (Cayman) LLP, Ugland House, Grand Cayman, KY1-1104, Grand Cayman, do solemnly, **MAKE OATH AND SAY** as follows:

**A      INTRODUCTION**

1      I am duly authorised by 51job Inc. (the "**Company**") to make this affidavit on its behalf for the purpose of setting out certain matters that may be relevant to the issues to be determined at the directions hearing in these proceedings listed for 21 and 22 November 2022. At the time of swearing this affidavit, the parties are continuing to correspond with each other regarding the terms of the directions order with a view to seeking to narrow the issues in dispute where possible.

2      I am a senior associate employed by Maples and Calder (Cayman) LLP, the Company's Cayman attorneys, with responsibility for certain aspects of the conduct of these proceedings, under the supervision of the partners in charge of the matter. I have substantial experience

representing companies in s.238 appraisal proceedings. Relevant aspects of my experience include:

2.1      I was the senior associate in the team representing Nord Anglia (*FSD 235 of 2017 (IKJ)*), and was directly involved in: the directions hearing; disputes about the form of the directions order; the company's discovery exercise; the information request process; the management meeting; participation in s.1782 depositions and disclosure; multiple interlocutory disputes about the adequacy of disclosure by the Dissenters, the manner in which the Company's disclosure was provided, the dissenters' privilege claims, applications for subpoenas *duces tecum* and letters rogatory; as well as preparation for and participation in a three week trial in December 2019. Judgment was handed down in March 2020.

2.2      I performed a similar role in FGL (*FSD 184 of 2020 (RPJ)*) save that in that case there were fewer interlocutory disputes and the issue of s. 1782s was less contentious. There was a 3 week trial in FGL in May/June 2022 and judgment was handed down on 20 September 2022.

2.3      I am also the senior associate in the team representing 58.com (*FSD 275 of 2020 (MRHJ)*). In this case, which is ongoing, there have been multiple interlocutory disputes about matters such as: the extent of the Company's ability to claim legal advice privilege against the dissenters; the Company's claims of privilege more generally; the correct forum for resolving privilege challenges; the extent to which the dissenters are permitted to bring s.1782 applications against the Company's directors and officers; and the extent to which the dissenters can use the Company's documents in any such s.1782 application. The directions hearing in 58.com was a three day hearing which dealt with issues including dissenter disclosure, disputed categories of specific disclosure by the Company, the timing of the filing of any s.1782s and other aspects of the directions order.

2.4      In addition to the above, I have been involved on behalf of the company in the s.238 appraisal proceedings involving BitAuto (*FSD 10 of 2021 (NSJ)*), China Biologic Products Holding (*FSD 136 of 2021 (NSJ)*), and Xiaodu Life Technology (*FSD 227 of 2017 (IKJ)*). Of these, only Xiaodu is still ongoing, and I have been involved in a number

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

of interlocutory disputes, as well as information requests and the management meeting process.

3    The matters which are set out in this affidavit are within my own knowledge, except where I indicate otherwise.  To the extent the matters to which I refer are not within my own knowledge, I believe them to be true and I identify the sources of my information and belief. In particular, I have consulted with other colleagues in my firm in relation to take-private transactions and s.238 proceedings generally.

4    There is now produced and shown to me marked exhibit "**MKS-1**" a paginated bundle comprising true copies of certain documents to which I refer in this affidavit.  Where I refer in this affidavit to a page number, the reference is to a page in that exhibit unless otherwise stated.

B    **THE COMPANY'S INDEMNIFICATION OBLIGATIONS AND S.1782 APPLICATIONS**

5    The Company has indemnified certain persons, including its Directors and Officers;[1] the Members of the Special Committee;[2] and third party services providers such as Kroll / Duff & Phelps (the "**Financial Advisor**")[3], against liabilities arising out of, relating to, or in connection the Merger Agreement.  Accordingly, the Company will ultimately be liable for the legal costs incurred by those parties in any s.1782 proceedings brought against them unless the US Court orders the Applicant to pay such costs, but as explained in the affidavit of Linda Martin, the existence of such rights of indemnification would count against the US Court making such an order.

6    The Company will produce as part of its disclosure all (non-privileged) documents in the Financial Advisor's possession, custody or control in relation to Kroll's work for the Special Committee (i.e. including both Financial Advisor's 'client' and 'internal' matter files).  The Company also intends to put forward affidavit evidence from a Financial Advisor witness.[4]  It wrote to the Dissenters on 12 August 2022 confirming that it would adopt this approach and

---

[1]    See the Proxy Statement at p.113 and section 6.05 at p.A-40 (page **146 and 209** of Exhibit MKS-1)

[2]    See the Proxy Statement at p.45 (page **78** of Exhibit MKS-1)

[3]    See the Proxy Statement at p.C-5 (page **287** of Exhibit MKS-1)

[4]    See Maples Letter to the Dissenters dated 12 August 2022 (page **302** of Exhibit MKS-1)

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

3

that the Financial Advisor had agreed to provide those documents and provide a witness (see page **302** of Exhibit MKS-1).

C **THE NUMBER AND SCOPE OF DISCOVERY APPLICATIONS IN THE UNITED STATES IN PREVIOUS S.238 CASES**

7     In my experience, it is common practice for dissenters in s.238 cases to file numerous and wide-ranging discovery applications in the US courts under s.1782 of Title 28 of the US Code. Annex 2 hereto summarises previous s.1782 applications filed by dissenters in each of the following Cayman Islands s.238 cases: Nord Anglia, BitAuto, FGL, 58.com and New Frontier Health.  I was directly involved in representing the Company in all of those cases with the exception of New Frontier.

8     Many of the dissenters who filed 1782 applications in proceedings identified above are also dissenters in this proceeding including: Quadre Investments, L.P., Athos Asia Event Driven Master Fun, FMAP ACL Limited, Alpine Partners (BVI), LP FourWorld Special Opportunities Fund, Fourworld Event Opportunities, LP, and Oasis Focus Fund LP,

9     Included in Exhibit MKS-1 are copies of the declarations filed in support of the s.1782 applications in connection with the 58.com proceedings against:

9.1     Robert Frank Dodds, Jr. who was a member of the special committee tasked with, among other things, evaluating the fairness of the offer in 58.com (see pages **303 to 316** of Exhibit MKS-1); and

9.2     Houlihan Lokey, Inc, which was the financial advisor to the special committee in 58.com (see pages **317 to 333** of Exhibit MKS-1),

pursuant to which they are seeking depositions and documents from each.

10    These are public documents which are available from the Dockets in the relevant US court proceedings.

11    Mr Dodds will be, and Houlihan Lokey will provide, a witness at the trial in the 58.com appraisal proceeding.  In that case, Houlihan Lokey voluntarily provided a large number of documents to the company which were disclosed as part of the company's disclosure exercise, and agreed

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

to provide a witness at the trial of the Cayman appraisal proceeding. Despite being informed of this, the dissenters in 58.com continued the s.1782 application to get a deposition from Houlihan Lokey and to obtain disclosure of documents that had already been produced in the Cayman Islands along with documents that had not been disclosed in the Cayman Islands. Mr Dodds provided all of his relevant documents to the company in the first instance and agreed to be called as a witness at the trial. Notwithstanding this, the dissenters are pursuing a deposition of Mr Dodds in accordance with s.1782 and did not drop their request for a duplicative document production from him until after the company brought an anti-suit injunction in the Cayman Islands to stop the s.1782 against Mr Dodds.

## D    RATE OF DOCUMENT REVIEW FOR SECOND LEVEL REVIEW

12    For the purposes of assisting the Court in giving directions as to the necessary time period for the Company to complete discovery, I can confirm that the Company's Cayman Islands attorneys, Maples and Calder (Cayman) LLP currently expect to have to approximately 15 reviewers available to review the Company's responsive documents, including approximately five Chinese speakers, and currently estimates that it will be able to review approximately 15,000 documents per week as part of the second level review, as explained in the affidavit of Mr Gunawan.

## E    THE AMERICAN DEPOSITARY RECEIPT SYSTEM

13    Based on my own experience, consultations with colleagues in my firm and US counsel experienced in this area, and my review of the documents referred to below, I set out a brief overview of the American Depositary Receipt ("**ADR**") system and how it operated with respect to the Company prior to the Merger in this section of this affidavit.

14    ADRs are a form of negotiable security through which US investors may easily buy and sell shares in foreign companies on US stock exchanges, without the usual difficulties associated with cross-border (and cross-currency) transactions.

15    Cayman companies, such as the Company, who wish to conduct an Initial Public Offering ("**IPO**") on a US stock exchange by offering ADRs are required to enter into an ADR agreement with a depositary to establish an ADR programme, in order to permit the buying and selling of the beneficial (as opposed to the legal) interest in their shares on the US stock exchanges.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

5

16      An ADR programme for a Cayman company[5] operates as follows:

16.1      At the time of the IPO, the Cayman company enters into a depositary agreement with a depositary bank and issues shares that are deposited with that bank.

16.2      The US depositary bank holds the legal title to the shares in the Cayman company and will be the registered shareholder on the company's register of members.

16.3      The US depositary bank will then issue American Depositary Shares (**"ADS"**) to a custodian bank who will hold them as nominee for those interested in investing in the company (i.e. the beneficial holders). Each ADS represents one or more of the shares in the underlying company.[6]

16.4      Pursuant to the terms of the depositary agreement, the bank is tasked with overseeing depositary services in connection with the ADR programme.  It will handle the deposits and withdrawals of shares into the program, payment of dividends (including currency exchange) communications with and solicitation of proxies from ADS holders in exchange for fees payable in connection with shares deposited in the facility and dividends paid.

16.5      The deposit agreement is publicly filed as an exhibit to public SEC filings.

16.6      Accordingly, while the beneficial ownership in the shares is held by others, the depositary bank is the legal owner of the shares in the issuing company.[7]

16.7      For a US-listed company which has issued ADSs, the ADSs are held in a clearing system, the Depositary Trust Company (**"DTC"**), which permits interests in the securities cleared by the DTC to be held by participants in the DTC.  There may be multiple layers of institutional ownership between the initial depository bank holding the

---

[5]    There are two kinds of ADR programmes – sponsored ADR and unsponsored ADR programmes. A sponsored ADR programme is carried out with the knowledge and consent of the issuing company and remains subject to its control.  51job Inc had a sponsored ADR programme.  In the case of unsponsored ADRs, a number of banks may decide to issue ADRs without the participation of, or in some cases, the knowledge of, the issuing company.

[6]    In the case of 51job Inc, each ADS represented an ownership interest in 2 common shares (see p.109 of the Prospectus (page **479** of Exhibit MKS-1)).

[7]    The ADR system is analogous to, and operated in conjunction with the centralized system for the public trading of US stocks in US stock markets, which operates via a central securities depository, which is also DTC. DTC is the legal owner of the majority of publically listed US stocks, via its subsidiary, Cede & Co (**"Cede"**). Banks and large brokers trade in stocks owned by Cede, on behalf of institutional and retail investors, without having to complete the actual transfer of share certificates each time.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

6

company shares as nominee and the ultimate holders of the beneficial interest in the company's shares. In practice, neither the company which has issued the shares nor the initial depositary bank that has issued the ADSs will have any visibility as to who the ultimate beneficial owners of the shares are at any particular moment, or – in the case of multiple layers of ownership – who any of the other entities in the chain are, other than the layer directly above the depositary bank.

17    The depositary performs administration functions for the ADR holders to enable them to exercise rights and receive dividends in respect of the deposited shares. By way of illustration as to how the system works in practice, where a company with a sponsored ADR programme has an AGM or an EGM:

17.1    The company will issue a customary circular containing the relevant information about the vote in question and in accordance with applicable law of the company's jurisdiction, and a proxy card, in respect of all of the shares deposited in the ADR programme.

17.2    The depositary bank will in turn create proxies for all the entities which have purchased ADRs from it, in their names and the amounts of ADRs they own.

17.3    Where those entities do not own the beneficial interest in the ADRs (because they are brokers or some other form of intermediary) they will in turn create proxies in respect of all of the entities to whom they have transferred the beneficial interest.

17.4    This process will continue until the ultimate beneficial owner of each ADR has received a proxy.

17.5    Any proxy filled out by the ultimate beneficial owner of the ADR will be returned to the party higher in the chain, and ultimately to the depositary bank, who will aggregate the votes as appropriate, and submit the proxies to the issuing company.

18    In the case of the Company:

18.1    It elected to use an ADR programme to list in the US. It launched its ADR programme at the time of its IPO in 2004. A copy of the Company's ADR issuing document, which

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

7

sets out the terms, was filed with the SEC at the time, and is still publicly available now (pages **334 to 577** of Exhibit MKS-1).[8]  The document states as follows, on page [102]:

> *"This offering consists solely of an offering of ADSs representing common shares. Consequently, the following discussion primarily concerns common shares and the rights of holders of common shares. <u>The holders of ADSs will not be treated as our shareholders</u> and will be required to surrender their ADSs for cancellation and withdrawal from the depository facility in which the common shares are held in order to exercise shareholders' rights in respect of common shares. The depositary will agree, so far as it is practical, to vote or cause to be voted the amount of common shares represented by ADSs in accordance with the nondiscretionary written instructions of the holders of such ADSs. See "Description of American Depositary Shares — Voting Rights."* (page **468** of Exhibit MKS-1; emphasis added)

18.2    JPMorgan Chase Bank was the ADS depositary bank selected by the Company (the "**ADS Depositary**") and the custodian of the shares on behalf of the depositary.  A copy of the depositary agreement was also filed with the SEC, and is publicly available.[9]

18.3    Thereafter, persons who wished to invest in an interest in the common shares in the Company via the New York Stock Exchange (which includes each and all of the Dissenters) did so by way of the ADS Depositary, via the ADR programme, and held ADRs, as opposed to actual shares in the Company.  This meant that the Company's Register of Members did not show any of the ADS Holders as shareholders (See the Certificate Register at pages **612 to 632** of Exhibit MKS-1).

---

[8] https://www.sec.gov/Archives/edgar/data/1295484/000114554904001289/u99016a6e424b4.htm

[9]      https://content.edgar-online.com/ExternalLink/EDGAR/0001193805-14-001485.html?hash=60e15d70148ceceda434177d85315a0255fdf820afbeef3599c43f4f2a07f41b&dest=E612531_EX99-A_HTM#E612531_EX99-A_HTM (see pages **578 to 611** of Exhibit MKS-1)

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

8

**F     THE COMPANY'S ARTICLES OF ASSOCIATION**

19     The Company's Fifth Amended and Restated Memorandum of Association dated 30 June 2014 provides at Article 27[10] that the Company is only required to recognise the rights of <u>registered</u> shareholders, and not any persons holding shares on trust, any other equitable, contingent, future or partial rights in shares (or fractions thereof), or any rights in respect of any share:

> "*The Company shall not be bound by or compelled to recognise in any way (even when notified) any equitable, contingent, future, or partial interest in any Share, or (except only as is otherwise provided by these Articles or the Law) any other rights in respect of any Share other than an absolute right to the entirety thereof in the registered holder*" (page.**647** of Exhibit MKS-1)

**G     THE DISSENTERS' HOLDINGS IN THE COMPANY**

20     A schedule setting out the date on which each Dissenters' ADS were converted into shares is found at Annex 1 hereto.

21     On 21 June 2021, the Company announced its entry into the Original Merger Agreement (page **70** of Exhibit MKS-1).

22     On 1 March 2022, the Company announced its entry into Amendment No. 1 to the Original Merger Agreement (page **74** of Exhibit MKS-1).

23     When the Proxy Statement was filed on 29 March 2022, in anticipation of the EGM to vote on the Merger, the Company informed the ADS holders (pages **39 and 63 to 64, and 73 to 75** of Exhibit MKS-1):

23.1     That if they wished the ADS Depositary to vote their shares at the EGM, they could do so by filling out the ADS Voting Instruction Card and returning it to the ADS Depositary;

---

[10]     These articles were superseded by the Sixth Amended and Restated Memorandum and Articles of Association, which were adopted at the EGM.

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

23.2    That as holders of ADSs, they would not be able to attend or vote directly at the EGM unless they cancelled their ADSs and became registered on the Company's Register of Members before 14 August 2020;

23.3    If they held their ADSs via a brokerage, bank or nominee account, they should contact their broker, bank or nominee to find out how to cancel the ADSs ;

23.4    As ADS holders, they would not have the right to exercise Dissenters' right and receive payment of fair value of the shares underlying their ADS as determined by the Court.

24    Consistent with the above, some holders of ADSs cancelled their ADSs, became registered on the Company's Register of Members and dissented from the Merger, while others caused the ADS Depositary to vote their ADSs in favour of the Merger.

25    The dates on which each Dissenter went on the Company's Register of Members as a shareholder (as opposed to merely a holder of ADRs) can be seen from the Company's Subscription / Redemption journal (pages **679 to 726** of Exhibit MKS-1). Those dates are summarised in the table at Annex A hereto, as are the dates of each Dissenter's notice of dissent.


**SWORN TO** at George Town                    )
Grand Cayman                                   )
This 12th day of October 2022                  )
Before me   MEGHAN WYLIE                        )          Malachi Kevin Sweetman



Notary Public

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

# ANNEX 1

## DISSENTER BUY-IN DATES, ADR CONVERSION DATES, s238 NOTIFICATIONS

| # | Dissenter | Date ADR converted to shares[11] | s238(2)(3) Notice of Objection | s238(5) Notice of Dissent |
|---|-----------|----------------------------------|-------------------------------|---------------------------|
| 1. | 507 Summit LLC | 22 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 2. | Bluefin Capital Management LLC | 21 Apr 2022 | 22 Apr 2022 | 2 Jun 2022 |
| 3. | Cambridge University Endowment Fund by Indus Capital Partners, LLC | 22 Apr 2022 | 22 Apr 2022 | 2 Jun 2022 |
| 4. | Camelot Event-Driven Fund, a series of Frank Fund Trust | 21 Apr 2022 | 26 Apr 2022 | 1 Jun 2022 |
| 5. | Catalur Master Fund, LP | 21 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 6. | Crown Managed Accounts SPC | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 7. | Fulcrum Distressed Opportunities Fund III, LP | 25 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 8. | Hildene Opportunities Master Fund II, Ltd | 26 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 9. | Indus Select Master Fund, Ltd. | 21 Apr 2022 | 22 Apr 2022 | 2 Jun 2022 |
| 10. | Investment Opportunities 3 Segregated Portfolio | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 11. | Invictus Special Situations Master I, L.P. | 21 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 12. | KHA Capital Partnership I LP | 22 Apr 2022 | 26 Apr 2022 | 1 Jun 2022 |
| 13. | LMA SPC for and on behalf of MAP 98 Segregated Portfolio | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 14. | Man Funds XII, SPC-1783 SP II | 21 Apr 2022 | 22 Apr 2022 | 2 Jun 2022 |
| 15. | Oceana Master Fund Ltd | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 16. | ODS Capital LLC | 21 Apr 2022 | 22 Apr 2022 | 2 Jun 2022 |
| 17. | PWCM Master Fund Ltd. | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 18. | Pentwater Equity Opportunities Master Fund Ltd. | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |

[11] Per the Company's Register of Members dated 27 April 2022 (pages **612 to 632** of Exhibit **MKS-1**).

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

| # | Dissenter | Date ADR converted to shares[11] | s238(2)(3) Notice of Objection | s238(5) Notice of Dissent |
|---|---|---|---|---|
| 19. | Pentwater Merger Arbitrage Master Fund Ltd | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 20. | Pentwater Unconstrained Master Fund Ltd. | 19 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 21. | Stonehill Institutional Partners, L.P. | 21 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 22. | Stonehill Master Fund Ltd. | 21 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 23. | Two Seas Global (Master) Fund LP | 21 Apr 2022 | 21 Apr 2022 | 2 Jun 2022 |
| 24. | 405 ACM Global Opportunities Fund | 14 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 25. | 405 ACM Ltd. | 25 Apr 2022 | 26 Apr 2022 | 23 May 2022 |
| 26. | Alpine Partners (BVI), L.P. | 12 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 27. | Athos Asia Event Driven Master Fund | 14 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 28. | BMSF Sub LP | 22 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 29. | Boothbay Absolute Return Strategies, LP | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 30. | Boothbay Diversified Alpha Master Fund LP | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 31. | Church Murray Fund, LLC | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 32. | Corbin ERISA Opportunity Fund, Ltd | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 33. | FMAP ACL Limited | 14 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 34. | FourWorld Event Opportunities, LP | | 22 Apr 2022 | 23 May 2022 |
| 35. | FourWorld Global Opportunities Fund, Ltd. | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 36. | FourWorld Special Opportunities Fund, LLC | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 37. | FourWorld Global Strategic Opportunities Fund I, LLC | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 38. | FW Deep Value Opportunities Fund I, LLC | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 39. | Integrated Core Strategies (US) LLC | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 40. | KL Special Opportunities Master Fund Ltd | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 41. | Palliser Capital Master Fund Ltd | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

12

| # | Dissenter | Date ADR converted to shares[11] | s238(2)(3) Notice of Objection | s238(5) Notice of Dissent |
|---|---|---|---|---|
| 42. | Pinehurst Partners, L.P. | | 22 Apr 2022 | 23 May 2022 |
| 43. | Quadre Investments, L.P. | 12 Apr 2022 | 21 Apr 2022 | 23 May 2022 |
| 44. | QVT Family Office Fund LP | 21 Apr 2022 | 22 Apr 2022 | 23 May 2022 |
| 45. | Blackwell Partners LLC - Series A | 12 Apr 2022 | 13 April 2022 | 30 May 2022 |
| 46. | Maso Capital Investments Ltd | 12 Apr 2022 | 13 April 2022 | 30 May 2022 |
| 47. | Star V Partners LLC | 12 Apr 2022 | 13 April 2022 | 30 May 2022 |
| 48. | Oasis Core Investments Fund Ltd | 14 Apr 2022 | 26 April 2022 | 18 May 2022 |
| 49. | Oasis Focus Fund LP | | 26 April 2022 | 18 May 2022 |
| 50. | Anthony H. Steinmetz | 25 Apr 2022 | 20 April 2022 | 11 May 2022 |
| 51. | Christopher M. Smith | 12 Apr 2022 | 20 April 2022 | 11 May 2022 |
| 52. | Verition Multi-Strategy Master Fund Ltd | 21 Apr 2022 | 20 April 2022 | 3 Jun 2022 |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

13

**Annex 2**

**Table of 1782 Applications flied in connection with the s.238 proceedings in**

**Nord Anglia, Bit Auto, 58.com, FGL and New Frontier Health**

| Nord Anglia | | | |
|---|---|---|---|
| **Target** | **s. 1782 Applicants** | **Date Filed/State and Docket Number** | **Evidence Sought or Given** |
| Houlihan Lokey (financial advisor to the Special Committee) | Quadre Investments, L.P.; Athos Asia Event Driven Master Fund; FMAP ACL Limited; Ome Holdings LLC; Pembroke Way LLC; Standish Road LLC; Stockbridge Absolute Return Fund; Stockbridge Fund, L.P.; Tablet Holdings, LLC, | 7 September 2018, California 2:18-mc-00118-UA-GJS | Documents and deposition, California Court refused deposition |
| Macquarie (lender to the Buyer Group) | Quadre Investments, L.P.; Athos Asia Event Driven Master Fund; FMAP ACL Limited; Ome Holdings LLC; Pembroke Way LLC; Standish Road LLC; Stockbridge Absolute Return Fund; Stockbridge Fund, L.P.; Tablet Holdings, LLC, | 3 October 2018 Southern District New York (SDNY) Case No. 18-mc-0416-ALC | Documents and deposition given |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

14

| HSBC (lender to the Buyer Group) | Quadre Investments, L.P.; Athos Asia Event Driven Master Fund; FMAP ACL Limited; Ome Holdings LLC; Pembroke Way LLC; Standish Road LLC; Stockbridge Absolute Return Fund; Stockbridge Fund, L.P.; Tablet Holdings, LLC, | 3 October 2018<br>SDNY<br>Case No. 18-mc-0416-ALC | Documents and deposition given |
|---|---|---|---|
| Goldman Sachs (financial advisor to CPPIB, one member of the Buyer Group) | Quadre Investments, L.P.; Athos Asia Event Driven Master Fund; FMAP ACL Limited; Ome Holdings LLC; Pembroke Way LLC; Standish Road LLC; Stockbridge Absolute Return Fund; Stockbridge Fund, L.P.; Tablet Holdings, LLC, | 3 October 2018<br>SDNY<br>Case No. 18-mc-0416-ALC | Parties agreed to documents and answers to interrogatories only |
| AMG (American Managers Group, investor in Baring Private Equity Asia, member of the Buyer Group) | Quadre Investments, L.P.; Athos Asia Event Driven Master Fund; FMAP ACL Limited; Ome Holdings LLC; Pembroke Way LLC; Standish Road LLC; Stockbridge Absolute Return Fund; Stockbridge Fund, L.P.; Tablet Holdings, LLC, | 18 October 2018<br>Florida<br>Case 1:18-mc-24312-MGC | Parties agreed to documents only. |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

15

| BitAuto | | | |
|---------|---|---|---|
| **Target** | **s. 1782 Applicants** | **Date Filed/State and Docket Number** | **Evidence Sought or Given** |
| Duff and Phelps, LLC (financial advisor to Special Committee) | Alpine Partners (BVI), LP FourWorld Special Opportunities Fund, LLC QVT Family Office Fund, LP | SDNY 21-mc-00496 | Documents and deposition sought, no order made |
| Duff and Phelps Securities, LLC (connected to financial advisor to Special Committee) | Alpine Partners (BVI), LP FourWorld Special Opportunities Fund, LLC QVT Family Office Fund, LP | SDNY 21-mc-00496 | Documents and deposition sought, no order made |
| BofAS (financial advisor to Buyer Group) | Alpine Partners (BVI), LP FourWorld Special Opportunities Fund, LLC QVT Family Office Fund, LP | SDNY 21-mc-00496 | Documents and deposition sought, no order made |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

| 58.com | | | |
|---|---|---|---|
| **Target** | **s. 1782 Applicants** | **Date Filed/State and Docket Number** | **Evidence Sought or Given** |
| Houlihan Lokey (financial advisor to the Special Committee) | Fourworld Event Opportunities, LP and Genesis Emerging Markets Investment Company | 23 July, 2021 California 2:21-mc-1019 | Documents and deposition sought and ordered |
| Warburg Pincus entities (member of the Buyer Group) | Fourworld Event Opportunities, LP and Genesis Emerging Markets Investment Company | 23 July 2021 SDNY 1:21-mc-00543-PKC Delaware 21-mc-0283-RGA | Documents and depositions sought, documents provided, no order on depositions |
| General Atlantic entities (member of the Buyer Group) | Fourworld Event Opportunities, LP and Genesis Emerging Markets Investment Company | 23 July 2021, SDNY 1:21-mc-00543-PKC | Documents and depositions sought, documents provided, no order on depositions |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

| Christopher Hsu (associated with the financial advisor to the Company) | Fourworld Event Opportunities, LP and Genesis Emerging Markets Investment Company | 2 February 2022<br><br>California<br><br>22-mc-00022-ODW-JPR | Documents and depositions sought, documents provided, agreement on deposition |
|---|---|---|---|
| Bain & Co. (entities acting as financial advisor to the Buyer Group | FourWorld Event Opportunities, LP & and Genesis Emerging Markets Investment Company | 4 March 2022<br>Massachusetts<br>22-mc-91099-IT | Documents and depositions sought, |
| Robert Frank Dodds Jr. (member of Company's Special Committee) | FourWorld Event Opportunities, LP & and Genesis Emerging Markets Investment Company | 3 February 2022, Washington D.C.<br><br>1:22-mc-00018 | Documents and depositions sought, no order yet |
| Fenwick & West LLP (legal counsel to Special Committee) | FourWorld Event Opportunities, LP & and Genesis Emerging Markets Investment Company | 19 July 2022<br>SDNY<br>22-mc-00185-PGG | Documents and depositions sought, documents provided, no order yet |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

| Morrow Sodali (proxy solicitor to the Company) | FourWorld Event Opportunities, LP & and Genesis Emerging Markets Investment Company | 19 July 2022 SDNY 22-mc-00185-PGG | Documents and depositions sought, no order yet |
|---|---|---|---|

| FGL | | | |
|---|---|---|---|
| **Target** | **s. 1782 Applicants** | **Date Filed/State and Docket Number** | **Evidence Sought or Given** |
| Blackstone Inc. (former investor in company, owner of company's investment manager) | Kingstown Partners Master Ltd | 31 August 2021 SDNY 1:21-mc-00691-LTS | Documents and depositions sought, documents ordered, depositions refused |
| MVB Management, LLC (a sub-advisor to the company's investment manager) | Kingstown Partners Master Ltd | 31 August 2021 SDNY 1:21-mc-00691-LTS | Documents and depositions sought, documents ordered, depositions refused |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

| CC Capital Partners, LLC and CC Capital Management LLC (shareholder in the Company and transaction advisor to the Special Committee) | Kingstown Partners Master Ltd | 31 August 2021 SDNY 1:21-mc-00691-LTS | Documents and depositions sought, documents ordered, depositions refused |

| New Frontier Health | | | |
|---|---|---|---|
| **Target** | **s. 1782 Applicants** | **Date Filed, State, and Docket Number** | **Evidence Sought or Given** |
| Vivo Capital LLC, Vivo Capital Fund IX (Cayman) LLC Vivo Capital Fund IX (Cayman), L.P. (Shareholder in the Company) | Alpine Partners (BVI) L.P. | 16 May 2022 San Jose 5:22-80123 | Documentary disclosure and depositions sought |
| Duff & Phelps Securities LLC n/k/a Kroll Securities, LLC (financial advisor to the Special Committee) | Alpine Partners (BVI) L.P. | 24 May 2022 Delaware 22-mc-00239 | Documentary disclosure and depositions sought |
| Duff & Phelps d/k/a Kroll, LLC (financial advisor to the Special Committee) | Oasis Focus Fund LP, | 2 August 2022 Delaware 22-mc-00327 | Documentary disclosure and depositions sought |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

| | | | |
|---|---|---|---|
| Proprium Capital Partners, L.P. (Shareholder in the Company) Warburg Pincus Asia LLC (Shareholder in the Company) | | | |
| York Capital Management (Shareholder in the Company) Roberta Lipson in her capacity as trustee for Benjamin Lipson Plafker Trust, Daniel Lipson Plafker Trust, Johnathan Lipson Plafker Trust, Ariel Benjamin Lee Trust, and Lipson 2021 GRAT (Director and CEO of New Frontier Health) Michael Garrow (Director of a Shareholder in the Company) | Oasis Focus Fund LP, | 1 August 2022 SDNY 22-mc-00208 | Documentary disclosure and depositions sought |

FILED by Maples and Calder (Cayman) LLP, attorneys for the Petitioner whose address for service is PO Box 309, Ugland House, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: CJM/LRS/AID/303788.12/72086940)

21