# EXHIBIT 13

Maples and Calder (Cayman) LLP
PO Box 309
Ugland House
Grand Cayman
KY1-1104
Cayman Islands

**BY EMAIL ONLY**

**caroline.moran@maples.com**
**luke.stockdale@maples.com**
**adrian.davey@maples.com**

9 December 2022

Dear Maples

**Cause Nos. FSD 155 and 156 of 2022 (DDJ) | In the matter of 51job, Inc.** (the **Proceedings**)

1. This letter is sent on behalf of the Dissenters represented by Campbells, Collas Crill and Walkers.

2. We refer to previous correspondence concerning potential applications under section 1782 of Title 28 of the United States Code (**Section 1782**) and, in particular, your letter dated 12 August 2022.

3. As noted in our previous correspondence and at the recent directions hearing, the Dissenters have no interest in delaying the Cayman Islands proceedings and have committed to pursuing any Section 1782 applications expeditiously.

4. In your letter dated 12 August 2022, you suggest that any Section 1782 application against Kroll / Duff & Phelps (**Kroll**) would be *"duplicative"* because the Company will produce Kroll documents as part of its disclosure in the Cayman Islands proceedings and intends to *"put forward affidavit evidence"* from a Kroll witness. As you are aware, Section 1782 "*is a right conferred by US law - it is not a right conferred by, or to be withheld under, Cayman law*"[1], and the United States courts have repeatedly held that this is not a sufficient basis upon which to reject a petitioner's request for Section 1782 discovery.[2]

5. Further, you have not presented any compelling reason why the Dissenters cannot pursue Section 1782 discovery against the relevant Kroll entities.

---
[1] *Lyxor Asset Management S.A. v. Phoenix Meridian Equity Limited* [2009] CILR 553 at [57].
[2] *In re Evenstar Master Fund SPC for and on behalf of Evenstar Master Sub-Fund I Segregated Portfolio et al.*, 20 Misc. 00418 (CS)(JCM), 2021 WL 3829991, at *12 (S.D.N.Y. Aug. 27, 2021); *In re Application of CBRE Glob. Invs. (NL) B.V. et al.*, 20-MC-315 (VEC), 2021 WL 2894721, at *10 (S.D.N.Y. July 9, 2021); *FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*, No. 21-mc-1019, ECF No. 60, at 28-30 (C.D. Cal. Jan. 10, 2022).

(a) Your letter mentions one, unparticularized "Kroll" entity. The first Affidavit of Erik Gunawan ("**Gunawan 1**") clarifies that this entity is Kroll, LLC (Gunawan 1 at paragraph 6.4). However, the Special Committee retained both Kroll, LLC (f/k/a Duff & Phelps, LLC) and Kroll Securities, LLC (f/k/a Duff & Phelps Securities, LLC) as independent financial advisors (see Proxy at page 12). The former signed the two fairness opinions in support of the merger (Proxy at page 37, C-1), and the latter "*agreed to provide the Special Committee with certain financial and market related advice and assistance as requested by the Special Committee in connection with the Proposed Transaction*," including services in connection with the go-shop exercise (Proxy at page 62, C-5). The Dissenters are entitled to discovery (both documents and a corporate deposition) from both entities.

(b) We take no comfort in your bare assertion that the Company somehow is capable of producing "*as part of its disclosure all (non-privileged) documents in Kroll's/Duff & Phelps' possession, custody or control in relation to Kroll's work for the Special Committee*". You offer no factual or legal basis as to how the Company could have possession, custody, or power over all such documents, including Kroll's internal documents/communications and documents/communications exchanged with third parties. As you will be aware from your firm's involvement in other section 238 cases, it is commonly the case that the financial advisor to the special committee produces many documents by way of Section 1782 discovery that have not been produced by the subject company in the Cayman Islands proceedings. In such circumstances, your suggestion that any Section 1782 discovery obtained from the relevant Kroll entities would be *"duplicative"*, is unsustainable. This is borne out by Gunawan 1 which indicates that the Company had, at that point, only collected 0.3 GB of data from "Kroll". This appears to be far less data than one would expect for a financial advisor engaged on a transaction of this size between September 2020 and March 2022, nor does the second affidavit of Mr. Gunawan indicate that any further data has been collected from "Kroll" in the intervening period.

(c) Third, neither of the relevant Kroll entities is subject to the jurisdiction of the Cayman Islands court. Both are non-parties and Delaware incorporated entities, and the Cayman Islands court has no basis to compel document discovery from either entity. Your letter states that the Company *"intends to put forward affidavit evidence from a Kroll witness"*. Notably you do not state that this Kroll witness will be giving a witness statement for trial or that they will be available for cross-examination at trial. Even if they were available to be cross-examined at trial, this would be insufficient from both a Cayman Islands and United States perspective to prevent a Section 1782 deposition from taking place, for the reasons explained above.[3] Moreover, this bare

---

[3] *See FourWorld Event Opportunities, LP v. Houlihan Lokey, Inc.*, No. 21-mc-1019, ECF No. 60, at 11 (C.D. Cal. Jan. 10, 2022 (rejecting argument that affidavit evidence in a Cayman Islands appraisal proceeding is duplicative of a deposition of a financial advisor's corporate representative under the U.S. Federal Rules of Civil Procedure because in the dissenting shareholders "have no control over or any knowledge of what the [financial advisor's witness] is going to put in [the financial advisor's witness'] affidavit. And so unlike a deposition where [Petitioners] can ask questions that they propose, it seems to me it's not entirely duplicative as Respondent has argued."

<blockquote>
assertion by the Company is not an undertaking from Kroll itself, and in any event is no substitute for pre-trial deposition testimony permitted by the US federal rules governing Section 1782 proceedings.
</blockquote>

6. The Dissenters are entitled to pursue Section 1782 discovery against the relevant Kroll entities, should they elect to do so.

7. All rights are reserved.

Yours faithfully

**Campbells** (Guy Manning, Shaun Folpp, Christopher Easdon, Aleisha Brown)

**Collas Crill** (Rocco Cecere, Zachary Hoskin, Ronan O'Doherty)

**Walkers** (Rupert Bell, Patrick McConvey)